# MONTANA CHAPTER 13 MODEL RETENTION AGREEMENT

Rights and Responsibilities Agreement Between
Chapter 13 Debtors and Their Attorneys

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure – but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is crucial. Debtors are entitled to expect certain services will be performed by their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the Bankruptcy Court for the District of Montana has approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

## I. BEFORE THE CASE IS FILED

### A. THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

2. Review and discuss LBF 33 with attorney, and begin compiling information and documents that are to be delivered to the Trustee prior to any §341(a) Meeting of Creditors.

### B. THE ATTORNEY AGREES TO:

1. Personally meet with the debtor to discuss and analyze the debtor's situation and objectives in filing the case, and recommend a solution.

2. Personally counsel the debtor regarding the advisability of filing either a Chapter 7 or a Chapter 13 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

3. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in this case; and explain how and when the attorney's fees and the trustee's fees are determined and paid.

4. Obtain a credit report pertaining to the debtor, and check the national PACER database to confirm whether the debtor has previously filed a bankruptcy case.

5. Timely prepare, revise, finalize and file the debtor's petition, plan, statements, schedules,

and other related forms, and other documents necessary for prosecuting the debtor's bankruptcy case. Carefully review with the debtor and sign, as appropriate, the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later.

6. Advise the debtor of the need to maintain appropriate insurance.

7. Advise the debtor of the need to file all appropriate income and other tax returns.

8. Advise the debtor as to the steps necessary to obtain a discharge.

II. AFTER THE CASE IS FILED

A. THE DEBTOR AGREES TO:

1. Make the required plan payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately. Plan payments must be made to the Trustee by wage withholding, or if wage withholding is waived by stipulation with the Trustee, through TFS (https://www.tfsbillpay.com/) or by cashier's check or money order. Personal checks payable to the Trustee will be returned.

2. Appear at the meeting of creditors (also called the "§ 341(a) meeting") with recent proof of income, picture identification, and proof of the debtor's social security number, and any other required information.

3. Notify the attorney and the trustee of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishment, levies, liens or repossessions of or on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Provide the attorney and the trustee with copies of income tax returns, and provide the trustee with any refunds received, as required by the Court's Income Tax Order. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS, the State of Montana, or other entities.

8. Contact the attorney before buying, refinancing or selling any property, real or personal, and before entering into any loan agreement.

9. Cooperate with the attorney and the trustee in regard to questions about the allowance or disallowance of claims.

B. THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of that meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Appear and provide knowledgeable legal representation for the debtor at the § 341(a) meeting of creditors and at any hearing, plan confirmation hearing, and/or plan modification hearing.

4. If the attorney finds it necessary for another attorney to appear and attend the § 341(a) meeting or any court hearing, personally explain to the debtor, in advance, the role and identity of the other attorney; obtain the debtor's informed consent to the retention of co-counsel; and provide the other attorney with the file in sufficient time to review it, meet with the debtor, and properly represent the debtor.

5. Ensure timely submission to the trustee of properly documented proof of income for the debtor, including business books and records for self-employed debtors.

6. Initiate and respond to all routine correspondence and calls to and from the trustee, the United States Trustee, and/or creditors necessary to the timely administration of the debtor's case.

7. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

8. Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the debtor. Be available to respond to the debtor's questions throughout the term of the plan.

9. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

10. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

11. Evaluate claims which are filed and, where appropriate, object to filed claims.

12. Timely respond to the trustee's motion to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the payments into the plan. Timely respond to motions for relief from stay or valuation of property.

13. Attend any hearings concerning relief from the automatic stay or valuation of property, or concerning objections to the debtor's claims of exemptions.

14. Prepare, file, and serve all appropriate motions to avoid liens, if not included in the plan.

> Provide any other legal services necessary for the administration of this case before the Bankruptcy Court, and to ensure the debtor receives a discharge.

## ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES

Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case, unless otherwise ordered by the court. For such services, as set forth above, the attorney will be paid a fee not to exceed $4,000.00, unless such additional fees are approved by the Court after submission of an application as described below; and the attorney may receive reimbursement for the payment of costs in an amount not to exceed $750.00, inclusive of the fee paid to the Clerk of the Court to file the debtor's petition.

The attorney may apply to the court for additional compensation. Any such application must be accompanied by an affidavit of the attorney, and include an itemization of the services rendered, showing the date, the time expended, the identity of the attorney or other person performing the services, the rate(s) charged, and the total amount sought. The debtor must be served with a copy of the application, affidavit, and notice of hearing, and advised of the right to object, set the matter for hearing, and appear in court in support of any objection to such application. The debtor is hereby informed that, in the event of such a request, fees shall be calculated or claimed at the following hourly rate(s): $200.00.

The attorney may receive some portion of the described fee before the filing of the case. The attorney may not receive payment on the fee directly from the debtor after the filing of the case, but must receive any remaining portion of such fee through the plan. In addition to other disclosures required by the Rules, the attorney shall disclose, in any application for additional fees, any and all fees or expenses previously paid by the debtor, pursuant to Mont. LBF 17.

If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, including the fees or expenses charged, the debtor may file an objection with the Court and request a hearing.

If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for an order allowing the attorney to withdraw from the case.

The debtor may discharge the attorney at any time.

/s/ Michael Wilson Marrow         Date: May 24, 2023
Debtor

/s/ Stuart R. Whitehair           Date: May 24, 2023
Attorney for Debtor(s)